By the Court, Monell, J.
The 41st section of the charter of the city of New York, (Charter of 1857,) requires that all leases of the public property shall be made by public auction, and to the highest bidder who shall give adequate security. Neither the duty nor the power of granting leases of the corporate property, is conferred upon any department of the city government. Such duty and power is vested in the corporation alone, and can be exercised in such manner only as the common council may direct. Such direction cannot, however, violate any provision of law.
In respect to contraéis made with the corporation, the law is well settled, that all prescribed forms must be observed by the public functionaries. Hence, contracts for work or supplies must be founded on sealed proposals, made in compliance with public notice, and must be given to the lowest bidder. ([Charter 1857, § 38.) If, therefore, the corporation omits to observe those designated forms, its contracts are void. (Brady v. The Mayor, &c. of New York, 20 N. Y. Rep. 312. Bonesteel v. The Same, 22 id. 168. McSpedon v. The Same, 7 Bosw. 601.) These cases apply in principle, and are controlling in respect to the duty of the corporation to make leases of the public property by public auction. The law contains no exceptions. All leases must be made in the designated mode ; and if the corporation assume to exercise a power not conferred by law, or to act in opposition to restrictions imposed upon it, its acts are void.
The power of the corporation to lease its wharves to individuals, is beyond dispute ; and it is not necessary to question its right to delegate such power to the comptroller or to any other officer of the city government. But whether the power is exercised by the corporation, as an aggregate municipal body, or by some delegated agent, the duty is no less incumbent, of following all designated forms and provisions of law. The wharf at the foot of Forty-ninth street belongs to the city of New York, and the plaintiff -claims to recover wharfage as the lessee of the corporation. To authorize a recovery it was necessary for the plaintiff to establish in himself a legal right to *268 the wharfage. The letting by the comptroller was not made by public auction as required by law; and it seems to me that the plaintiff acquired no more right under it, to collect wharfage, than if the letting had been by the street commissioner, or by any other unauthorized city official. Nor is the case aided by the sections of the revised ordinances which were read in evidence at the trial. (§§ 27 and 28 of art. 4, chap. 9 of Rev. Ord.) These sections merely authorize the comptroller, in conjunction with the’ commissioners of the sinking fund, to lease the corporate property, whenever in their-judgment it may be advisable to do so. But the same sections require those officers to conform such leasing to the provisions of the city charter, before referred to.
A lease of a wharf is merely a letting of the franchise of a wharfage. No property in, or right to, the wharf itself, passes to the lessee. There cannot, therefore, be a possessio pedis, as in the case of real property. By law, the public has the right to use any wharf or pier upon a public highway, subject to the legal charges for wharfage; and such right or easement in the public constitutes the only possession there can be of the wharf itself; the possession of the owner being of the franchise merely.
There was no evidence in the case tending to show any possession of the franchise in the plaintiff. He had not collected wharfage, which was the only possession he could have. Nor was there any evidence of any relation existing between the plaintiff and defendants from which a quasi tenancy could be implied. The conversation testified to by the plaintiff, be-between himself and one of the defendants, disclosed no assertion that the plaintiff was the lessee, nor an intimation, even, that he was entitled to collect the wharfage. To the defendants’ comprehension, the plaintiff might have been a mere agent of the corporation. There is nothing, therefore, in the case, upon which we could apply the principle, that a tenant cannot dispute the title of his landlord.
The plaintiff’s right to a recovery, rested solely, in my . opinion, upon the strength of his title to the franchise of *269 wharfage. The letting by the comptroller was not by public auction, and was therefore void. Hence, the .plaintiff failed to establish any right whatever to collect wharfage of the defendants. The burden of proof was on the plaintiff. There being no contract between the parties, it was incumbent on the plaintiff to show, in the first instance, not the defendants’ liability, but his ownership of the franchise, and his right to its emoluments. Failing to show this, the learned justice erred, I think, in denying the motion to dismiss the complaint.
If the views I have expressed are sound, they necessarily lead to a reversal of the judgment. In that case, of course, a new trial should be ordered, with costs to the appellants, to abide the event of the suit.